MORTON & CRAIG LLC
John R. Morton, Jr., Esq.
110 Marter Ave.
Suite 301
Moorestown, NJ 08057
Telephone: 856-866-0100
Attorney for: AmeriCredit Financial Services, Inc., dba GM Financial

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| In re: | Case No. 19-22527(JNP) |
| Anthony J. DiNuova | Chapter 13 |
|  | Hearing Date: 9-4-19 |
|  | **OBJECTION TO CONFIRMATION** |

AmeriCredit Financial Services, Inc., dba GM Financial, a secured creditor of the Debtor, objects to the Debtor's plan for the following reasons:

a. **VEHICLE UNDERVALUED; INTEREST RATE TOO LOW:** GM Financial holds a first purchase money security interest encumbering a 2010 CHEVROLET SUBURBAN owned by the debtor. The vehicle is undervalued in the plan and the interest rate is too low. In JUNE of 2019, the vehicle with assumed mileage of 140,100 had a clean retail value of $18,425.00 in the NADA Official Used Car Guide. The net loan balance at filing was $17,032.94. *Till* rate of interest is 6.25%. The plan should be amended to pay GM Financial $17,032.94 with interest at 6.25%. The

    trustee should compute interest.  If interest was pre-computed, the trustee would pay GM Financial $19,876.69 over 60 months.

b. **Adequate protection payments:**  The plan violates Code sections 361, 1325 and 1326.  It does not pay adequate protection payments.  GM Financial requests that the trustee pay it adequate protection payments in equal monthly payments each month of $170 per month beginning in May of 2019, (being 1% of the net loan balance).  GM Financial requests that these payments be given super priority administrative expense status and paid ahead of attorney fees, and should continue over the life of the plan.

c. **Proof of insurance:** The vehicle must be insured with comprehensive and collision insurance coverage and liability coverage in accordance with the requirements contained in the contract.  GM Financial must be listed as loss payee or additional insured. **The Debtors must provide GM Financial with proof that the vehicle is insured in accordance with §1326(a)(4) and this portion of the objection to confirmation should be considered a demand that the Debtors provide proof of insurance**.

d. GM Financial must retain its lien on the vehicle following confirmation and the plan must so provide.

    The plan must provide that GM Financial will not be required to release its lien on the vehicle until such time as it is paid in full through the plan with interest at 6.25% and the debtor completes the plan and receives a discharge.

e. The order of payments must be modified to provide for the priority of adequate protection payments to GM Financial.

                                        /s/ John R. Morton, Jr.

                                        _____
                                        John R. Morton, Jr., attorney for
AmeriCredit Financial Services, Inc.,
dba GM Financial

Date: 8-25-19